USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

SOPHIA JOHNSTON,

                Plaintiff,

           -against-

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                Defendant.

------------------------------------------------------------ X

13-CV-2710 (VEC) (FM)

ORDER

VALERIE CAPRONI, United States District Judge:

      On due consideration, after review of Chief Magistrate Judge Maas's Report and Recommendation dated February 13, 2015 (the "R&R"), the Plaintiff's Objections to the R&R, and the Defendant's Response to Plaintiff's Objections, the R&R is approved and adopted. The parties' familiarity with the facts and various prior decisions in this matter is assumed; the record is discussed only as necessary to address the Plaintiff's objections.

      In reviewing final decisions of the Social Security Administration ("SSA"), courts "'conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied.'" *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 264-65 (2d Cir. 2008)). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (*per curiam*) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

      "A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge.'" *Bradley v. Comm'r of Soc. Sec.*, No. 12-CV-7300(ER), 2015 WL 1069307, at *1 (S.D.N.Y. Mar. 11, 2015) (quoting 28 U.S.C. § 636(b)(1)).  Courts review "those parts of the Report to which objections are made *de novo*, and the remaining parts for 'clear error on the face of the record.'" *Cruz v. Colvin*, No. 13-CV-1267(WHP), 2014 WL 5089580, at *1 (S.D.N.Y. Sept. 25, 2014) (quoting 28 U.S.C. § 636(b)(1)).  "Objections that reiterate arguments considered and rejected by the magistrate are reviewed for clear error." *Id.* (citing *O'Callaghan v. N.Y. Stock Exchange*, No. 12-CV-7247(AJN), 2013 WL 3984887, at *1 (S.D.N.Y. Aug. 2, 2013)).

In this case, the Court has thoroughly reviewed the record and has determined that there are no clear errors in Chief Magistrate Judge Maas's R&R.  Because Plaintiff's objections to the R&R were all raised and thoroughly considered by Chief Magistrate Judge Maas, the absence of clear error ends the inquiry.  Even were the Court to review the record *de novo*, however, none of Johnston's three objections would be persuasive.

Johnston objects that the ALJ failed to follow the treating physician rule, which provides that the "opinion of a treating physician on the nature or severity of a claimant's impairments is binding if it is supported by medical evidence and not contradicted by substantial evidence in the record." *Selian*, 708 F.3d at 418.  In this case, no medical evidence supported the opinion of the treating physician, Dr. Mazumdar, issued in 2012, that all of Johnston's symptoms began to manifest in "early 2003."  R. 510.[1]  After careful review of all relevant evidence – including Dr. Mazumdar's treatment notes from the period at issue and before – the ALJ found "little medical evidence . . . that support[s] the alleged limitations and that symptoms of severe pain and fatigue were present prior to the date last insured."  R. 28.  Plaintiff has not identified medical evidence

---

[1] "To be eligible to receive benefits, an applicant must be 'insured for disability insurance benefits.'" *Kohler*, 546 F.3d at 264 (quoting 42 U.S.C. § 423(a)(1)(A)) (other internal quotation marks and citation omitted). Here, Johnston must demonstrate that she had a disability before March 31, 2007, which is the date she was last insured.

that contradicts the ALJ's determination but instead asserts that – in the absence of *any* relevant evidence – Dr. Mazumdar's *ex post* diagnosis should be given controlling weight.  *See* Pl. Obj. at 2 (citing 20 C.F.R. § 404.1527(c)(2) and Social Security Ruling ("SSR") 96-2p, 1996 WL 374188).  The ALJ carefully reviewed all of the contemporaneously-issued medical reports and concluded, *inter alia,* that the absence of evidence of severe symptoms in Johnston's numerous medical reports from the relevant period contradicted the *ex post* assessment that the symptoms had been present since "early 2003."  R. 27.  *See O'Brien v. Colvin*, No. 13-CV-91(DLI), 2014 WL 4416952, at *12 (E.D.N.Y. Sept. 8, 2014) ("The ALJ was entitled to rely on the lack of findings regarding Plaintiff's physical capabilities . . .") (citing *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983)).  Accordingly, the ALJ was not required to afford Dr. Mazumdar's *ex post* opinion controlling weight; the absence of *any* evidence supporting Dr. Mazumdar's opinion, including in her own notes from the treatment period, supported the ALJ's decision to afford Dr. Mazumdar's opinion "little weight."  R. 28.

Johnston also challenges the ALJ's determination that she could perform "light work" during the relevant period.  Pl. Obj. at 3-5.  The ALJ relied on and cited both medical and non-medical evidence in ascertaining Johnston's residual functional capacity ("RFC").  R. 27-28.  Chief Magistrate Judge Maas marshaled a significant amount of evidence in the record that supported the ALJ's decision, R&R 14-15; Johnston's objections do not discuss the inadequacy of this analysis but instead reiterate the arguments that prompted this in-depth explication.  Accordingly, for the reasons given in Chief Magistrate Judge Maas's comprehensive discussion, the ALJ's determination of Johnston's RFC was supported by substantial evidence.

Finally, Johnston contends that the ALJ erred in assessing her credibility.  The ALJ indicated that Johnston's "reliability as a historian [was] in question" and did not fully credit her "statements concerning the intensity, persistence and limiting effects of her symptoms prior to

the date last insured." R. 28.  In rejecting Johnston's testimony regarding the degree to which her symptoms (more than five years earlier) prevented her from engaging in substantial gainful activity, the ALJ relied on evidence in the record.  Although she was not engaged in substantial gainful activity, Johnston did volunteer work and was the primary caretaker for her three young children; Johnston did not require pain medication prior to the date last insured; and Johnston had previously inaccurately reported the timing of other symptoms.  *Id.*; *cf. Selian*, 708 F.3d at 420 ("The ALJ set forth specific reasons for why []he found [the claimant's] testimony not credible and an ALJ's credibility determination is generally entitled to deference on appeal.").  The ALJ's determination was supported by substantial evidence; accordingly, the Court adopts the R&R.

       The Clerk of the Court is respectfully directed to enter judgment accordingly and to terminate the case.

**SO ORDERED.**

**Date:  March 18, 2015**                                                **VALERIE CAPRONI**
       **New York, NY**                                                 **United States District Judge**